UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| GERALD LEROY BARNES, II, | Case No. 6:22-cv-01384-AA |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| AUDREY ORTIZ, | |
| Defendant. | |

AIKEN, District Judge.

     Plaintiff, currently housed at Oregon State Hospital and appearing pro se, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff did not submit the $402.00 filing fee, and an action may proceed without payment of the filing fee only upon a properly completed Application for Leave To Proceed In Forma Pauperis (IFP). *See* 28 U.S.C. § 1915(a). Regardless, plaintiff fails to state a cognizable claim under § 1983 and no amendment would cure the deficiencies of his claim. Accordingly, this action is dismissed, with prejudice.

- 1 -    ORDER OF DISMISSAL

Federal law authorizes federal courts to review cases filed IFP to determine if a claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

To state a civil rights claim under § 1983, plaintiff must allege that 1) a person acting under color of law 2) deprived him of a federal constitutional right. 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). Plaintiff alleges that defendant Ortiz, presumably an OSH employee, "prevented" him from making copies of legal documents and informed plaintiff that he must wait a few days before he could go to the law library. Plaintiff does not allege any legally recognizable harm arising from the short delay in making copies, particular when the Court has dismissed several of plaintiff's recent lawsuits as frivolous and plaintiff continues to file non-meritorious civil actions. *See Lewis v. Casey,* 518 U.S. 343, 351-53 (1996) (explaining that an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded" to state a claim for denial of access to the courts).

Plaintiff fails to allege a viable § 1983 claim, and I find that amendment would be futile in light of his allegations.

- 2 -    ORDER OF DISMISSAL

## CONCLUSION

This action is DISMISSED, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

DATED this  4th  day of October, 2022.

                                        /s/Ann Aiken
                                          Ann Aiken
                              United States District Judge